Nott, J.,
delivered the opinion of the court:
This is an action brought to recover the value of 35 bales of cotton exacted by the Treasury agent in New Orleans on the= *762 13th. of June, I860, pursuant to the Act July 2, 1864, (13 Stat. L., p. 375, § 8,) and the Treasury regulations thereunder 9th May, 1865. The cotton, of which this was oue-fourtli, was brought from the east bank of the Mississippi, aud the facts are almost identical with those in the recent case of De Bow's assignee, (ante, p. 672.) Therefore the claimants’ right to recover must be deemed to have been already determined, and the only question which can be considered in this court arises from the counter-claim which the defendants have set up.
The counter-claim is for the internal-revenue tax of two cents per pound on the cotton.' This, the defendants allege they might have collected if the agreement of sale and resale with the Treasury agent had never existed. By the terms of the bill of sale given to the claimants by the Treasury agent on the 13th of June, 1865, 107 bales of cotton were returned to them “ free from all fees and internal-revenue taxes.” If this bill of sale had never been given ; if all of the cotton had been handed over to the owners without the exaction of one-fourth, non constat but that the Government might have collected the internal-revenue tax upon it. We perceive no reason why such a counter-claim should not be set up. If the transaction was a mistake against the claimant as regards the exaction of one-fourth of the cotton, it was also a mistake as against the Government in giving up three-fourths free from all fees and internal-revenue taxes. In the modern English case of Delancey v. The Queen, (6 L. R. Exch. R., p. 286,) the Crown pleaded as .a set-off a tax which, by mistake of the commissioners of inland revenue, had never been laid upon a legacy, and the court adjudged the case in favor of the Crown upon this set-off. The right given to the United States by the Amended Court of Claims Act (Rev. Stat., § 1081) to resort to a cross-action against the claimant is certainly as comprehensive as the similar right given to the Crown by the Petitions of right Act 3860, (23 and 24 Vict., c. 34,) The English case is an authority in point.
But it- by no means follows that the Government should recover taxes upon cotton which was withheld from the claimant, over which he exercised no right of ownership and from which he has hitherto derived no advantage whatever. The .recovery in these actions has been limited to the actual avails ■of the cotton, i. e., the price which it subsequently brought in *763 the Government’s hands. As a matter of fact this price was less than the value of the cotton when it was withheld from the owners by the Treasury agent in Hew Orleans. The claimants never enjoyed, the right to use or dispose of the cotton so withheld, and as it was never in their unrestricted or legal possession there can be no propriety in the Government recovering taxes upon it, which they illegally withheld from the owner and have never restored to him.
The judgment of the court is that the claimants recover of the defendants the value of the 35 bales of cotton withheld from them, to wit, the sum of $4,820.90, and that the defendants recover under their plea of set-off the internal-revenue tax on the 107 bales of cotton returned to the claimants, amounting to $848.94, and judgment will be entered for the claimants for the balance remaining, to wit, $3,971.96.
Kichaedson, J., was absent when this case was determined.